Filed 11/5/24  P. v. Howard CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>RUBEN HOWARD,<br><br>　　Defendant and Appellant. | B334201<br><br>Los Angeles County<br>Super. Ct. No. A030812 |

APPEAL from an order of the Superior Court of Los Angeles County, James D. Otto, Judge. Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION AND PROCEDURAL BACKGROUND

In 1987, a jury convicted defendant and appellant Ruben Howard of first-degree murder, found true the special circumstance allegation that the murder occurred during the commission or attempted commission of a robbery, and found various other allegations true, including a prior prison term allegation. (Pen. Code,[1] § 187, subd. (a); § 190.2, subd. (a)(17); § 667.5, subd. (b).)[2] The trial court sentenced Howard to life without the possibility of parole on the murder, and imposed other determinate concurrent and stayed terms, including a one-year stayed prior prison term enhancement imposed under section 667.5, subdivision (b).

In June 2023, Howard moved for resentencing under Senate Bill No. 483 and former section 1171.1.[3] In July 2023, the

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     The jury also convicted Howard of another offense and found other allegations true, though we omit those particulars because they have no direct relevance to this appeal.

[3]     Senate Bill No. 483 (2021–2022 Reg. Sess.) added section 1171.1 to the Penal Code. (Stats. 2021, ch. 728.) The Legislature later renumbered it to section 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12, eff. June 30, 2022.) Hereafter, we will refer to the statute by its new code section. Section 1172.75, subdivision (a), states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) Section 1172.75 instructs the Department of Corrections and Rehabilitation (CDCR) to identify those persons in their custody currently serving a term

trial court denied Howard's motion. In denying relief, the court noted Howard's case was not on the list from the CDCR identifying defendants entitled to relief under section 1172.75. The court denied relief without prejudice to the case being identified by the CDCR at a later date.

Howard timely appealed, and we appointed counsel to represent him. On May 16, 2024, appellate counsel filed a brief raising no issues and requesting discretionary independent review of the record under *People v. Delgadillo* (2022) 14 Cal.5th 216. On June 10, 2024, Howard filed a supplemental brief.

## DISCUSSION

### A. Howard's supplemental brief

In his brief, Howard argues he should obtain some form of relief on appeal because his case was recently added to the CDCR's list of cases with defendants entitled to relief under section 1172.75. We disagree. The record before us indicates Howard's case was not on the CDCR's list when he filed his motion in the trial court. Under the plain language of section 1172.75, because Howard's case was not then on the CDCR's list, Howard was not then entitled to relief. (§ 1172.75, subds. (b) &

---

for a judgment that includes an enhancement under section 667.5, subdivision (b) (excluding sexually violent offenses) and provide such information to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) Subsequently, the sentencing court "shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

3

(c).) In other words, the trial court's hands were tied, and the court correctly denied Howard's motion without prejudice to future proceedings consistent with section 1172.75.

In addition to rejecting the arguments Howard raised in his supplemental brief, we have exercised our discretion to independently review the record, and we conclude no arguable issues exist. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

### B. A note about the fact that Howard's enhancement was stayed

As noted above, the trial court stayed Howard's section 667.5, subdivision (b) enhancement. Our Supreme Court has granted review in *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted February 21, 2024, S283169. That case presents the following issue: "Does Senate Bill No. 483 (Stats. 2021, ch. 728) entitle a defendant to a full resentencing hearing under Penal Code section 1172.75 if the defendant's prior prison term enhancements (Pen. Code, § 667.5, subd. (b)) were imposed and stayed, rather than imposed and executed?" In other words, the question presented in *Rhodius* is identical to one presented in Howard's case.

4

## DISPOSITION

We affirm the order denying Howard's resentencing motion. We note, as did the trial court, that Howard may seek section 1172.75 relief in a later proceeding assuming his case is added to the CDCR's list.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

MORI, J.

ZUKIN, J.